STEAGALL, Justice.
Kathy Brown Cooke, individually and on behalf of her minor son, James Edward Brown II, sued the City of Guntersville for damages, alleging negligent and wanton maintenance of the exit door at the Gun-tersville Neighborhood Center. Brown’s right arm and hand were injured when the glass in the door shattered after he pushed on the glass to open the door. The jury returned a verdict in favor of the City of Guntersville on both Brown’s claims and Cooke’s claims. The only issue on appeal is whether the trial court erred in instructing the jury on the “recreational use” statutes, Ala.Code 1975, § 35-15-1 et seq.
William Moore, the director of parks and recreation for the City of Guntersville, testified that the recreational center was built in 1972, that it was operated in a non-profit manner, and that it was open to the general public. Brown testified that he went to the center on the day in question to ride his skateboard and that he had gone inside the facility for a drink of water when the accident occurred.
The recreational use statutes generally limit the liability of noncommercial public recreational landowners, unless certain conditions are present. Section 35-15-24 provides:
“Otherwise existing liability not limited.
“(a) Nothing in this article limits in any way legal liability which otherwise might exist when such owner has actual knowledge:
“(1) That the outdoor recreational land is being used for non-commercial recreational purposes;
“(2) That a condition, use, structure, or activity exists which involves an unreasonable risk of death or serious bodily harm;
“(3) That the condition, use, structure, or activity is not apparent to the persons or person using the outdoor recreational land; and
“(4) That having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences.
“(b) The test set forth in subsection (a) of this section shall exclude constructive knowledge by the owner as a basis of liability and does not create a duty to inspect the outdoor recreational land.
“(c) Nothing in this article shall be construed to create or expand any duty or ground of liability or cause of action for injury to persons on property.”
The trial court charged the jury that, as a matter of law, the injury occurred in a noncommercial public building of a recreational nature. He then instruct *1342 ed them that they were to determine 1) whether the construction of the door created a dangerous condition; 2) if so, whether the City of Guntersville had actual knowledge of that dangerous condition; and 3) if so, then whether the city chose not to warn the public of the possible consequences of that danger.
Brown and his mother argue that there was no evidence that his purpose in being at the center was recreational and that, in the alternative, the trial court erred in not submitting that factual question to the jury. We disagree. Section 35-15-21(3) defines a “recreational use” or “recreational purpose” as “[participation in or viewing of activities including, but not limited to," certain enumerated activities. That list is clearly not exhaustive.
They further argue that because Brown had entered the building for a drink of water, his presence inside the facility was nonrecreational. The evidence is undisputed that Brown was on the grounds of the center to ride his skateboard. Section 35-15-21(2) defines “outdoor recreational land” as “[l]and and water, as well as buildings, structures, machinery and other such appurtenances used for or susceptible of recreational use.”
The only real factual questions to be determined in this case were whether the glass in the door posed an unreasonable risk of death or serious bodily harm; if so, whether the City of Guntersville was aware of the risk; and if so, whether it chose not to warn the public. Those questions were properly submitted to the jury.
We find no error in the trial court’s instructions to the jury, because, under these facts, the recreational use statutes were controlling.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.